## Commonwealth v. Fedor

*I. A. Shrager*, for plaintiff.

*W. C. Overholt*, for defendant.

REIMEL, J., September 6, 1960.—This is an action in equity instituted by plaintiff, an alleged creditor, to have a conveyance of realty declared fraudulent; to enjoin any transaction with reference to said realty; to compel a reconveyance of the realty to defendant Fedor, and to secure a judgment lien against the realty. Plaintiff alleged a fraudulent conveyance of realty by defendant, Fedor, to defendant, Gurecsky, thereby rendering himself insolvent. . . .

*Discussion*

Prior to January 1, 1952, defendant Fedor's liability for costs of maintenance of his wife in a State institution was determined by the Act of June 1, 1915, P. L. 661, sec. 3, as amended, 71 PS §1783. Such liability was conditional to the extent that liability for payment of costs was imposed if the party were "legally able" to pay. Subsequent to January 1, 1952, The Mental Health Act of June 12, 1951, P. L. 533, art. VII, sec. 701, as amended, 50 PS §1361, determines defendant Fedor's liability for costs of maintenance. Such liability is also conditioned upon the "ability to pay" of the person liable for the patient's support: Act of June 12, 1951, P. L. 533, art. VII, sec. 703, as amended, 50 PS §1363.

The phrase "legally able" to pay contained in the Act of 1915 means "financially able to pay," taking into consideration the ability to pay from all the surrounding circumstances: Commonwealth v. Bubnis, 30 Northumberland 139. The purpose of such condition is that the act shall do justice to the Commonwealth but shall not work oppression and that there is no

virtue in pauperizing the relative in relief of one already indigent: Commonwealth v. Groller, 41 D. & C. 366. Since the factors to be considered in determining a person's "ability to pay" under the Act of 1951 are similar to those factors considered under the Act of 1915 when determining whether a person is "legally able" to pay, the basic question still remains whether a person is "financially able to pay."

The issue of defendant Fedor's ability to pay his wife's maintenance, is a factual question and each case must stand on its own merits: Commonwealth v. Cope, 89 D. & C. 599. Fedor's only asset was the premises in question. He is presently 80 years of age and has no earning power or source of income other than a monthly Social Security payment in the amount of $71. Out of this sum he was required to maintain himself and the premises, which although valued at $6,000 was encumbered with a $1,500 mortgage. The amount of $8,625.21 claimed by the Commonwealth exceeds and almost doubles Fedor's equity in the realty.

Our courts have been reluctant to charge a living relative's capital assets with the costs of maintenance of a patient in a State institution: Commonwealth v. Clemson, 80 D. & C. 130; Commonwealth v. Groller, 41 D. & C. 366. The possession of capital assets is not conclusive of a person's ability to pay and there is no enforcible obligation unless the person sought to be charged is, in the discretion of the court, financially able to make such compensation without incurring undue personal privation: Commonwealth v. Cope, 89 D. & C. 599; Commonwealth v. Groller, supra. Ability to pay refers not only to one's income but also to one's capital assets and it is as possible to pauperize a defendant by taking the value of nearly all his capital, when he is without earning power, as it is by taking from him nearly all his earnings when he is without

capital: Commonwealth v. Clemson, 80 D. & C. 130.

The present entry of an order for judgment in plaintiff's favor against the premises would be equivalent to a determination of defendant Fedor's "ability to pay." To enter judgment now against Fedor's only capital asset when he is without earning power and has a small income and when such judgment exceeds the value of his equity in the premises would be oppressive and would pauperize him. Such a result is contrary to the facts and the policy of this Commonwealth.

The Commonwealth produced no evidence tending to show an actual intent to defraud on the part of either defendant. Moreover, defendants have established the existence of a fair consideration for the conveyance. The judgment of record in the amount of $2,470 in favor of Gurecsky and against Fedor has not been questioned in this proceeding and must therefore be considered valid as between the parties hereto. The satisfaction of this debt and the payment of the mortgage balance of $1,500, together with the value of additional services rendered and money contributed from March 26, 1957, to March 10, 1958, are sufficient to constitute a "fair consideration" for the conveyance: Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, sec. 3, 39 PS §353. The fact that one element of the alleged consideration concerns future support is not controlling since fair consideration exists even in the absence of such provision. Accordingly, plaintiff's requests are denied and the complaint is dismissed. . . .

### Decree Nisi

And now, to wit, September 6, 1960, it is ordered, adjudged and decreed that:

1. Plaintiff's complaint is dismissed.
2. Costs should be paid by plaintiff.